UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA, ET AL         CIVIL ACTION

VERSUS                                     NO. 01-978-BAJ-SCR

CITY OF BATON ROUGE AND
PARISH OF EAST BATON ROUGE


**RULING ON SECOND MOTION TO INTERVENE**

Before the court is the Second Motion to Intervene of Concerned Citizens of University Place Subdivision and Louisiana Environmental Action Network. Record document number 24. The motion is opposed by both plaintiff United States of America and defendants City of Baton Rouge and the Parish of East Baton Rouge.[1]

The details of the history of this case do not need to be repeated to rule on this motion. Briefly, the parties entered into a Consent Decree, which was approved by the court in 2002.[2] The Consent Decree required the defendants to take certain actions to remedy violations of the federal Clean Water Act ("CWA"), undertake a comprehensive remedial action program, and comply with the CWA and the National Pollution Discharge Elimination System ("NPDES"). The deadline for completion of the sanitary sewer system

---

[1] Record document numbers 30, opposition by defendants; record document number 33, opposition by plaintiff USA.

[2] Record document number 11.

improvements is January 1, 2015. The Consent Decree was modified, again with court approval, in 2009.³ The parties now have proposed another modification of the Consent Decree, the Second Consent Decree Modification ("Second Modification").⁴ The proposed Second Modification postpones completion of some projects, characterized by plaintiff USA as "lower priority projects," until January 1, 2018, and makes other changes to the Consent Decree.

Proposed intervenors first motion was denied because their motion did not state whether they have the authority to sue and/or be sued.⁵ Their second motion to intervene fully explains their authority to sue, and neither plaintiff USA nor the defendants challenge their procedural capacity. Rather, both plaintiff USA's and the defendants' primary argument is that the proposed intervention is untimely.

Rule 24, Fed.R.Civ.P., provides, in relevant part, as follows:

> (a) **Intervention of Right**. On timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute;

As the proposed intervenors explained,⁶ and plaintiff USA

---

³ Record document number 19.

⁴ Record document numbers 20 and 22.

⁵ Record document number 23.

⁶ Record document number 24, p. 4; record document number 24-
(continued...)

2

conceded,[7] the proposed intervenors have a statutory unconditional right to intervene provided under 33 U.S.C. § 1365(b)(1)(B). The pertinent issue is whether the proposed intervention is timely.

A careful review of the record of this case demonstrates that the motion is timely. The proposed intervention is timely because the parties are now seeking another modification of the Consent Decree, which modification, if approved, will further delay the defendants' full compliance with the Consent Decree. As explained in the motion, the need to intervene arises from the failure of the plaintiffs to enforce compliance with the terms of the Consent Decree, and the failure to bring enforcement actions against the defendants for repeated violations of the Consent Decree.[8]

"Although the primary responsibility for enforcement [of the CWA] rests with the state and federal governments, private citizens

---

[6](...continued)
5, p. 2.

[7] Record document number 33, p. 14-15 ("The United States does not dispute that, with regard to the proposed Second Consent Decree Modification, Proposed-Intervenors have a qualifying right under the CWA. Section 505(b)(1)(B), 33 U.S.C. § 1365((b)(1)(B). By way of clarification, the United States' objection to intervention based on the First Amended Complaint in Intervention is based on timeliness grounds." (case citation omitted)).

[8] *See, Sierra Club v. Hamilton County Bd. of Commissioners*, 504 F.3d 634 (6th Cir. 2004)(Sierra Club, viewed as intervenor as a result of consolidated actions, based complaint on allegations that government plaintiff failed to diligently prosecute on-going violations during ten-year period and proposed to consent to settlement inadequate to remedy failures of the previous decade).

provide a second level of enforcement and can serve as a check to ensure the state and federal governments are diligent in prosecuting Clean Water Act violations." *Sierra Club,* 504 F.3d at 637 (6th Cir. 2007)(suit brought under § 1365(a)).

Insofar as plaintiff USA and the defendants argued that the the motion should be denied as untimely because the proposed intervenors seek relief in the form of "[r]eopening the failed 2002 Consent Decree," an opportunity for discovery and to enter into a different settlement, or a trial if necessary, their argument is unpersuasive. This form of relief is contained in one sentence in the "RELIEF" section of the proposed First Amended Complaint in Intervention. That section also contains four other significant forms of relief sought by the proposed intervenors, principally an injunction compelling the defendants to comply with the CWA, civil penalties for violations of the CWA, and attorney's fees. Of course, whether any of this relief sought is appropriate would necessarily have to await further proceedings in the case. The critical distinction between this case and those relied upon by plaintiff USA is that the proposed intervenors are not seeking to intervene because they disagree with the terms of the original Consent Decree, or even with the first Consent Decree modification. It is apparent that the reason for seeking to intervene is because the parties are now proposing a significant modification of the

4

Consent Decree, and because the intervenors perceive that the plaintiffs are not aggressively enforcing the existing Consent Decree and are permitting violation of the CWA to go unabated.

Plaintiff USA also argued that the proposed intervenors do not have a legally protectable interest required for intervention under Rule 24(a)(2), as this court previously determined when it dismissed *Louisiana Environmental Action Network v. City of Baton Rouge; Parish of East Baton Rouge*, CV 10-187-BAJ-SCR.[9]

This argument is unavailing. First, it is not necessary to address whether intervention under Rule 24(a)(2) is proper since the proposed intervenors have a statutory right to intervene, as explained above. Second, the dismissal of the complaint in CV 10-187 has been reversed by the Fifth Circuit Court of Appeal.[10]

Plaintiff USA also made an alternative proposal for an intervention with conditions. Specifically, plaintiff USA offered a limited intervention, as follows:

---

[9] Record document number 25 in CV 10-187.

[10] *Louisiana Environmental Action Network v. City of Baton Rouge; Parish of East Baton Rouge*, No. 11-30549, April 17, 2012. This decision was issued after plaintiff USA filed its motion for reconsideration of the now-vacated order which had granted this Second Motion to Intervene. Plaintiff USA's opposition memorandum was submitted with its motion for reconsideration and was subsequently filed as a separate document the same day as the appellate court decision. Record document number 29, motion for reconsideration; record document number 32, Ruling and Order granting motion for reconsideration; record document number 33, plaintiff USA's opposition memorandum.

5

for the purpose of responding to any Motion to Enter [the modified Consent Decree] that is filed and presenting, as part of that brief, any relevant, additional information not already in the comments [received from the public]. ... the proposed intervention would be limited to opposing the proposed-modification, that there would be no discovery, and that no party would request an evidentiary hearing.[11]

This is just an offer to let the proposed intervenors file a memorandum, and perhaps present oral argument should the court request it. This limited intervention would not allow access to the facts which the parties believe support the Second Modification, nor even allow the proposed intervenors to ask the court to hold an hearing so the parties can present the evidence supporting the requested Second Modification. In the circumstances of this case, this is not a meaningful intervention, and it is not surprising that the proposed intervenors rejected this offer.

There no doubt that plaintiff USA, and likely the defendants, too, genuinely believe that the proposed intervenors do not need to become parties to this case. Nonetheless, a statute enacted by the Congress of the United States gives them the unconditional right to intervene, and their motion to intervene is timely in the circumstances of this case.

Accordingly, the Second Motion to Intervene of Concerned Citizens of University Place Subdivision and Louisiana

---

[11] Record document number 33, pp. 28, 131-33, Exhibit D.

for the purpose of responding to any Motion to Enter [the modified Consent Decree] that is filed and presenting, as part of that brief, any relevant, additional information not already in the comments [received from the public]. ... the proposed intervention would be limited to opposing the proposed-modification, that there would be no discovery, and that no party would request an evidentiary hearing.[11]

This is just an offer to let the proposed intervenors file a memorandum, and perhaps present oral argument should the court request it. This limited intervention would not allow access to the facts which the parties believe support the Second Modification, nor even allow the proposed intervenors to ask the court to hold an hearing so the parties can present the evidence supporting the requested Second Modification. In the circumstances of this case, this is not a meaningful intervention, and it is not surprising that the proposed intervenors rejected this offer.

There no doubt that plaintiff USA, and likely the defendants, too, genuinely believe that the proposed intervenors do not need to become parties to this case. Nonetheless, a statute enacted by the Congress of the United States gives them the unconditional right to intervene, and their motion to intervene is timely in the circumstances of this case.

Accordingly, the Second Motion to Intervene of Concerned Citizens of University Place Subdivision and Louisiana

---

[11] Record document number 33, pp. 28, 131-33, Exhibit D.

Environmental Action Network is granted.

Baton Rouge, Louisiana, April 19, 2012.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

7